[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**October 07, 2003**
**THOMAS K. KAHN**
**CLERK**

No. 03-10583
_____

D. C. Docket No. 01-01008-CV-C-W

CORETTA KIRKLAND,
as parent & next friend of
Demario Jones, a minor,

Plaintiff-Appellee,

versus

GREENE COUNTY BOARD OF
EDUCATION,
ROBERT ELLIOTT, in his
official & individual
capacity,

Defendants,

JAMES MORROW, in his
official & individual
capacity,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(October 7, 2003)**

Before BIRCH, BARKETT and HILL, Circuit Judges.

BARKETT, Circuit Judge:

James Morrow, the principal of Eutaw High School in Green County, Alabama, appeals the denial of his motion for summary judgment on the basis of qualified immunity. Demario Jones, a thirteen-year-old student called into Morrow's office for disciplinary reasons, claims that Morrow struck him with a metal cane in the head, ribs and back, leaving a large knot on his head and causing him to suffer continuing migraine headaches. Coretta Kirkland filed suit under the Fourteenth Amendment and 42 U.S.C. § 1983 as next friend to her son, and the district court denied Morrow's claim for qualified immunity.

We have jurisdiction over this interlocutory appeal to the extent that it involves issues of law rather than challenges to the sufficiency of the evidence. Cottrell v. Caldwell, 85 F.3d 1480, 1484-85 (11th Cir. 1996). For purposes of this qualified immunity appeal, we take the facts as alleged by Kirkland in the light most favorable to her claims. Hyman v. Nationwide Mut. Fire Ins. Co., 304 F.3d 1179, 1185 (11th Cir. 2002).

Morrow first argues that the facts as alleged do not give rise to a constitutional violation. However, excessive corporal punishment may be actionable under the Due Process Clause when it involves "arbitrary, egregious,

2

and conscience-shocking behavior." Neal v. Fulton County Bd. of Educ., 229 F.3d 1069, 1075 (11th Cir. 2000).[1] A student's allegations may rise to this level when "(1) a school official intentionally used an amount of force that was obviously excessive under the circumstances, and (2) the force used presented a reasonably foreseeable risk of serious bodily injury." Id. Repeatedly striking a thirteen-year-old student with a metal cane, including once on the head as he was doubled over protecting his chest, when he was not armed or physically threatening in any manner,[2] obviously fulfills both criteria. Thus, cast in the light most favorable to Kirkland, the alleged facts establish a constitutional violation.

Notwithstanding that his actual conduct may have violated the Constitution, Morrow agues that at the time of the incident the right to be free from corporal punishment was not clearly established. Morrow misses the point. The issue here is not whether any corporal punishment violates the Constitution, but whether the

---

[1]We agree with Morrow that disciplining students lies within his general discretionary authority. Thus, he is eligible for the qualified immunity defense. See Harbert Int'l, Inc. v. James, 157 F.3d 1271, 1282 (11th Cir. 1998). Of course, if general student discipline were not within the scope of his authority, he would be liable for damages.

[2]Morrow cites two earlier disciplinary incidents involving Jones, one of which involved the confiscation of a weapon from his school bag, and appears to suggest that even if Jones did not pose an actual threat at that moment, the prior incidents supported the use of excessive and unconstitutional force. We unequivocally reject such an argument. The relevant question is whether at the time force was used, the force used was excessive in light of the circumstances at that time.

nature and extent of the force applied here was constitutional.  Although <u>Neal</u> elaborated upon our case law after this incident occurred, the Supreme Court had already held that the deliberate infliction of physical pain by school authorities as punishment for misconduct implicated Fourteenth Amendment liberty interests. <u>Ingraham v. Wright</u>, 430 U.S. 651, 674 (1977). Similarly, the Supreme Court of Alabama had already noted that "the infliction of corporal punishment in public schools is a deprivation of substantive due process when it is arbitrary, capricious, or wholly unrelated to the legitimate state goal of maintaining an atmosphere conducive to learning." <u>C.B. v. Bobo</u>, 659 So. 2d 98, 103 (Ala. 1995) (quoting <u>Doe v. Taylor Ind. Sch. Dist</u>, 15 F.3d 443, 451 (5th Cir. 1994)) (internal quotation marks omitted).  Thus, the qualified immunity question turns on whether Morrow's actions as described by Kirkland violated these principles. Having considered the record before us, we AFFIRM the determination of the district court that Morrow was not entitled to qualified immunity.

AFFIRMED.